# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| PING WANG, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> THE CORPORATION OF MERCER UNIVERSITY, <br><br> *Defendant.* | **CIVIL ACTION NO.** <br> **5:23-cv-00193-TES** |
| ANA LEHNES, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE CORPORATION OF MERCER UNIVERSITY, <br><br> *Defendant.* | **CIVIL ACTION NO.** <br> **5:23-cv-00195-TES** |
| EMILY RAMOS, <br><br> *Plaintiff*, <br><br> v. <br><br> THE CORPORATION OF MERCER UNIVERSITY, <br><br> *Defendant.* | **CIVIL ACTION NO.** <br> **5:23-cv-00197-TES** |

| | |
|---|---|
| **JENNIFR KILKUS**, *et al.*, <br><br> v. <br><br> **THE CORPORATION OF MERCER UNIVERSITY**, <br><br> *Defendant.* | **CIVIL ACTION NO.** <br> **5:23-cv-00272-TES** |
| **JOHN DOE #1**, <br><br> *Plaintiff*, <br><br> v. <br><br> **THE CORPORATION OF MERCER UNIVERSITY**, <br><br> *Defendant.* | **CIVIL ACTION NO.** <br> **5:23-cv-00288-TES** |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES AND MOTION TO APPOINT INTERIM CLASS COUNSEL

The Plaintiffs in the five above-captioned cases assert class-action claims against the Corporation of Mercer University regarding a data breach on Mercer's network that occurred in February 2023. Before the Court is Plaintiffs' Motion to Consolidate and Motion to Appoint Interim Class Counsel [Doc. 12]. The Court addresses each motion in turn.

    A.    **Motion to Consolidate**

First, pursuant to Federal Rule of Civil Procedure 42, Plaintiffs move for the Court to consolidate *Lehnes v. Corporation of Mercer University*, No. 5:23-cv-00195-TES;

2

*Ramos v. Corporation of Mercer University*, No. 5:23-cv-00197-TES; *Kilkus v. Corporation of Mercer University*, No. 5:23-cv-00272-TES; and *Doe v. Corporation of Mercer University*, 5:23-cv-00288-TES into *Wang v. Corp. of Mercer University*, No. 5:23-cv-00193-TES. [Doc. 12, pp. 8–13].

Federal Rule of Civil Procedure 42 gives the Court discretion to consolidate cases where there is a "common question of law or fact." Fed. R. Civ. P. 42(a)(2). When considering a request to consolidate, the Court must consider four factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witness, and available judicial resources; (3) the length of time required to conclude multiple suits as opposed to a single suit; and (4) the relative expense to all concerned. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

Here, although Plaintiffs seek consolidation, it should be noted that Mercer agrees that consolidation is the best course of action. The fact that Mercer doesn't oppose Plaintiffs' efforts undeniably lends support to the second factor. Additionally, the legal claims of the collective Plaintiffs are substantially similar, each including at least a negligence claim, and all of them center around the same Data Breach. *See* [Doc. 12, p. 5]. After consideration of these factors and the arguments set forth in Plaintiffs' unopposed motion, the Court **GRANTS** Plaintiffs' Motion to Consolidate [Doc. 12].

### B.   Motion to Appoint Interim Class Counsel

Second, the Court considers Plaintiffs' request to appoint Interim Class Counsel pursuant to Federal Rule of Civil Procedure 23. [*Id.* at pp. 13–22]. Plaintiffs request that the Court appoint William B. Federman and Kevin Laukaitis as Interim Class Counsel and Brian P. Adams as Interim Liaison Counsel.[1] [*Id.* at pp. 16–20]. In determining the appointment of counsel, the Court must consider the counsel's work in pursuing the claims, their experience in handling complex litigation and claims of the kind involved, their knowledge of the applicable law, and available resources. *Adepipe v. U.S. Bank, Nat'l Ass'n*, Nos. 13-2687 (JNE/JJK), 13 22944 (JNE/JKK, 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014).

In their motion, Plaintiffs state that their Proposed Interim Class Counsel have done substantial work in identifying and investigating the claims, have the necessary experience in "litigating and resolving consumer class actions," and have and will continue to "devot[e] substantial resources to this litigation." [Doc. 12, p. 11–12]. Plaintiffs additionally state that all of the Plaintiffs and firms involved in these first-filed cases support the proposed leadership structure. *See* [Doc. 12, p. 17]. After considering each of these factors and Proposed Interim Class Counsel's individual and collective experience, the Court **GRANTS** Plaintiffs' Motion to Appoint Interim Counsel [Doc.

---

[1] Via email, Mercer has informed the Court that it does not take a position on Plaintiffs' Proposed Interim Class Counsel. Email from Chelsea M. Lamb, BakerHostetler, to The Honorable Tilman E. Self, III (Aug. 30, 2023, 09:55 EST) (on file with author).

12].

C.   **Conclusion**

At the request of the Plaintiffs and with the consent of the Defendant, the Court **GRANTS** the Plaintiffs' Motion to Consolidate [Doc. 12]. Accordingly, the Court **DIRECTS** the Clerk of Court to **CONSOLIDATE** *Lehnes*, No. 5:23-cv-00195-TES; *Ramos*, No. 5:23-cv-00197-TES; *Kilkus*, No. 5:23-cv-00272-TES; and *Doe*, 5:23-cv-00288-TES into *Wang*, No. 5:23-cv-00193-TES. Additionally, the Court **APPOINTS** William B. Federman and Kevin Laukaitis as Interim Class Counsel and Brian P. Adams as Interim Liaison Counsel.

**SO ORDERED**, this 30th day of August, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**